IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


**RAUL BATISTA,**

                      **Plaintiff,**

      v.                                      CASE NO. 13-3063-SAC

**KANSAS DEPARTMENT OF CORRECTIONS,**

                      **Defendant.**


**O R D E R**

This matter comes before the court on a complaint seeking relief under 42 U.S.C. § 1983, filed pro se by a prisoner incarcerated in a Kansas Correctional Facility. Also before the court is plaintiff's motion for leave to proceed in forma pauperis, and motion for appointment of counsel.

**Motion for Leave to Proceed In Forma Pauperis**

Plaintiff must pay the full $350.00 filing fee in this civil action. *See* 28 U.S.C. § 1915(b)(1)(prisoner bringing a civil action or appeal in forma pauperis is required to pay the full filing fee). If granted leave to proceed in forma pauperis, plaintiff is entitled to pay this filing fee over time, as provided by payment of an initial partial filing fee to be assessed by the court under 28 U.S.C. § 1915(b)(1) and by periodic payments from plaintiff's inmate trust fund account as authorized in 28 U.S.C. § 1915(b)(2). Pursuant to 28 U.S.C. § 1915(b)(1), the court is required to assess an initial partial filing fee of twenty percent of the greater of the average monthly deposits or average monthly balance in the prisoner's account for the six months

immediately preceding the date of filing of a civil action.

Having considered the sparse financial records provided by plaintiff, the court finds no initial partial filing fee may be imposed at this time due to plaintiff's limited resources, and grants plaintiff leave to proceed in forma pauperis. *See* 28 U.S.C. § 1915(b)(4)(where inmate has no means to pay initial partial filing fee, prisoner is not to be prohibited from bringing a civil action). Plaintiff remains obligated to pay the full $350.00 district court filing fee in this civil action, through payments from his inmate trust fund account as authorized by 28 U.S.C. § 1915(b)(2).

### Motion for Appointment of Counsel

Generally, there is no constitutional right to the appointment of counsel in a civil matter. However, the court has the discretion to request counsel for an indigent party. 28 U.S.C. § 1915(e)(1). In exercising this discretion, the court must consider a variety of factors, including the apparent merits of the case, the legal and factual issues involved, and the party's ability to present the claims. *Long v. Shillinger*, 927 F.2d 525,527 (10th Cir.1991). In the present case, plaintiff states the English language is difficult for him and that he has trouble securing translation help. However, having examined the record and the claims plaintiff is attempting to assert, the court declines to appoint counsel at this point in the development of the matter. The court therefore will deny the request at this time.

### Screening the Complaint, 28 U.S.C. § 1915A

A federal court must conduct an initial screening of any action in which a prisoner seeks relief from a governmental entity or an

officer or employee of such an entity. See 28 U.S.C. § 1915A(a). In conducting the screening, the court must identify any viable claim and must dismiss any part of the action which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b). While a pro se complaint must be given a liberal construction, *Erickson v. Pardus*, 551 U.S. 89 (2007), plaintiff still bears "the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991).

To state a claim for relief, the complaint must present allegations of fact, assumed to be true, that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must present "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. At this stage, the court accepts all well-leaded allegations as true and views them in the light most favorable to the plaintiff. *Id*. at 555.

Having considered the complaint, the court finds the complaint is subject to being summarily dismissed for the following reasons.

Plaintiff complains of his continuing segregated confinement as an "Other Security Risk" (OSR), names as an inmate presenting a risk to female staff. Plaintiff's record includes rape and escape convictions in 1989, prison discipline in 2005 for lewd acts and undue familiarity, and more recent discipline in May, July, and August in 2011. Plaintiff also acknowledges he is subject to a 1994 ICE deportation detainer, but believes he would not be deported back to

Cuba. Nonetheless, plaintiff states that his OSR status prevents him from obtaining more favorable consideration by the parole board. He also appears to generally complain of inadequate language accommodation during his prison disciplinary proceedings.

The court finds these allegations present no claim of constitutional significance for purposes of proceeding under § 1983.

An inmate's classification generally does not implicate a liberty interest protected by the Due Process Clause. *See e.g. Meachum v. Fano*, 427 U.S. 215, 225 (1976)(Due Process Clause does not bar inmate's transfer to another prison with more restrictive conditions of confinement). It is well recognized that "[t]he due process rights of prisoners are subject to reasonable limitation or restriction in light of the legitimate security concerns of the institution ..., and the transfer of an inmate to less amenable and more restrictive quarters for nonpunitive reasons is well within the terms of confinement ordinarily contemplated by a prison sentence." *Penrod v. Zavaras*, 94 F.3d 1399, 1406 (10th Cir.1996)(internal quotation marks and citations omitted). *See also Sandin v. Conner,* 515 U.S. 472, 482 (1995)("federal courts out to afford appropriate deference and flexibility to [prison] officials trying to manage a volatile environment").

And plaintiff does not does allege his segregated confinement has lengthened his service of the sentence imposed. *See Wilson v. Jones*, 430 F.3d 1113, 1120-21 (10th Cir.2005)(liberty interest arises upon a showing of the penalty being lengthened). Nor does plaintiff allege a factual basis for plausibly finding that his segregated confinement involves a significant and atypical hardship, *see Sandin*,

515 U.S. at 484 (liberty interest arises upon a showing of an "atypical and significant hardship … in relation to the ordinary incidents of prison life"), or that he was or is being subjected to conditions constituting cruel and unusual punishment.

Moreover, plaintiff does not identify the relief being sought in this action. Significantly, the Eleventh Amendment bars plaintiff's suit against the Kansas Department of Corrections, the sole defendant named in the complaint. *See Kentucky v. Graham*, 473 U.S. 159, 165-67 (1985) (Eleventh Amendment doctrine of sovereign immunity bars actions in federal court against a State and its agencies).

**Notice and Show Cause Order to Plaintiff**

Thus the court directs plaintiff to show cause why the complaint should not be summarily dismissed because this action is barred by sovereign immunity, and because plaintiff's allegations the sole defendant named in the complaint state no claim upon which relief may be granted under 42 U.S.C. § 1983. 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B). The failure to file a timely response may result in the complaint being summarily dismissed for the reasons stated herein, and without further prior notice to plaintiff.

IT IS THEREFORE ORDERED that plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is granted, with payment of the $350.00 district court filing fee to proceed as authorized by 28 U.S.C. § 1915(b)(2).

IT IS FURTHER ORDERED that plaintiff's motion for appointment of counsel (Doc. 4) is denied without prejudice.

IT IS FURTHER ORDERED that plaintiff is granted twenty (20) days

to show cause why the complaint should not be summarily dismissed pursuant to 28 U.S.C. § 1915A(b) and 28 U.S.C. § 1915(e)(2)(B).

A copy of this order shall be mailed to plaintiff and to the Centralized Inmate Banking office for the Kansas Department of Corrections.

**IT IS SO ORDERED.**

DATED:  This 5th day of November 2013 at Topeka, Kansas.

　　　　　　　　　　　　　　　　　s/ Sam A. Crow  
　　　　　　　　　　　　　　　　SAM A. CROW  
　　　　　　　　　　　　　　　　U.S. Senior District Judge